**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRUCE GUNN, | : | |
| | : | Civil No. 08-6368 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| HARRY LAPPIN, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    BRUCE GUNN, Petitioner pro se
    #19381-038
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**BUMB, District Judge**

    Petitioner, Bruce Gunn ("Gunn"), a federal prisoner confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Gunn names Warden Paul M. Schultz, the Warden at FCI Fairton where petitioner is confined, and Harry Lappin, Director of the Federal Bureau of Prisons, as the party respondents in this action.

    Because it appears from a review of the Petition that Gunn is not entitled to issuance of the writ at this time, the Court

will dismiss the Petition without prejudice, pursuant to 28 U.S.C. § 2243, for the reasons set forth below.

## I. BACKGROUND

Gunn is presently serving a 235-month prison term pursuant to his federal conviction by jury trial in the United States District Court for the District of Massachusetts, on charges of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Gunn currently is serving his prison sentence at FCI Fairton. He states that he has applied for and has been tentatively accepted in the Choices Residential Drug Treatment Program run by Dr. Rodondo at FCI Fairton. However, Dr. Rodondo has told Gunn that Gunn would not receive the benefit of early release upon completion of the program because Gunn was convicted for being a felon in possession of a firearm.

Gunn admits that at the time he has filed this habeas petition under § 2241, he has not fully exhausted his administrative remedies. In fact, he states that he has an administrative appeal pending before the Regional Director's Office, Appeal No. 518055-F1. The administrative appeal challenges the Bureau of Prisons ("BOP") decision to deny him early release upon successful completion of the residential drug treatment program.

Furthermore, Gunn does not state whether he has successfully completed the residential drug treatment program at FCI Fairton. Rather, he states only that he had applied for and was "tentatively" accepted into the program.

In his petition, Gunn contends that the BOP's decision to exclude him from the benefit of a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), pursuant to a final agency rule under 28 C.F.R. § 550.58(a)(1)(vi)(B), is arbitrary, capricious and an abuse of discretion, and otherwise illegal under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). Specifically, Gunn alleges that rationale in adopting a rule to categorically exclude from eligibility for early release those prisoners convicted of offenses involving the possession of a firearm was irrational and not based upon any relevant factors.

Gunn further claims that he was convicted of a non-violent offense of simple possession of a firearm by a felon in violation of 18 U.S.C. § 922(g), and that the United States Court of Appeals for the Third Circuit has found that such an offense in not a crime of violence, citing Royce v. Hahn, 151 F.3d 116 (3d Cir 1998); Roussos v. Menifee, 122 F.3d 159, 163 (3d Cir. 1997); United States v. Joshua, 976 F.2d 844 (3d Cir. 1992); and United States v. Williams, 892 F.2d 296, 304 (3d Cir. 1989).

II.   ANALYSIS

A.   Standard of Review

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Gunn is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

B.   An Overview of the RDAP

The Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA") amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  To carry out this requirement, the BOP must provide residential substance abuse

4

treatment for all eligible inmates, subject to the availability of appropriations.  18 U.S.C. § 3621(e)(1).  An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program."  18 U.S.C. § 3621(e)(5)(B)(i) and (ii).  As an incentive for the successful completion of the residential treatment program, the BOP **may**, in its discretion reduce an inmate's sentence by up to one year.  18 U.S.C. § 3621(e)(2)(B); see also Lopez v. Davis, 531 U.S. 230 (2001).

The incentive provision of the statute reads, in pertinent part:

> The period a prisoner convicted of a **nonviolent offense** remains in custody after successfully completing a treatment program **may** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).  (Emphasis added).

The BOP has promulgated regulations at 28 C.F.R. § 550.56 to implement the statutory requirement.  According to the regulations, in order to be considered for a residential treatment program, an inmate must have a verifiable drug abuse problem, must have no serious mental impairment which would substantially interfere with or preclude full participation in the program, must sign an agreement acknowledging his program responsibility, and must ordinarily be within 36 months of

5

release and the security level of the residential program institution must be appropriate for the inmate.  28 U.S.C. § 550.56(a).  Participation in the program is voluntary, but all decisions on placement are made by the drug abuse treatment coordinator.  See 28 C.F.R. § 550.56(b).  The application of § 550.56 is set forth in BOP Program Statement 5330.10.[1]

In these regulations, the BOP also defined prisoners who had not been convicted of a nonviolent offense, and who thus were ineligible for early release, as those prisoners who were currently incarcerated for committing a crime of violence as defined in 18 U.S.C. § 924(c)(3).  28 C.F.R. § 550.58 (1995); see 60 Fed. Reg. 27,692, at 27,695.  Following the promulgation of this 1995 regulation, the Courts of Appeals reached differing conclusions on the question of whether the BOP had discretion to further define a crime of violence as an offense involving a firearm, and thus exclude from eligibility for the early release

---

[1] Program Statement 5330.10 defines the RDAP as consisting of three components: (1) a 500-hour minimum unit-based residential program; (2) an institution transition phase, which requires participation for a minimum of one hour a month over a period of 12 months after successfully completing the unit-based program; and (3) a community transitional services program where the inmate is transferred to a halfway house or home confinement for a period lasting up to six months.  Successful completion of the RDAP occurs upon successful completion of each of these three components of the RDAP.  See 28 C.F.R. §§ 550.56, 550.59.

incentive those prisoners who were incarcerated for such offenses.  See generally Lopez v. Davis, 531 U.S. at 234-35.[2]

Given the split among the Circuits, the BOP promulgated an interim regulation on October 15, 1997, and made the regulation effective approximately one week prior, on October 9, 1997.  28 C.F.R. § 550.58(a)(1)(vi)(B)(1997); 62 Fed. Reg. 53,690.  The 1997 interim regulation, like the one it superceded, made

---

[2] In Lopez, the Supreme Court held that it was a proper exercise of discretion by the Bureau of Prisons to categorically deny eligibility for early release to prisoners with "a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses," 28 C.F.R. § 550.58(a)(1)(iv), or to prisoners whose current offense is one of certain enumerated felonies involving the use or attempted use of force, or involving the carrying, possession, or use of a firearm or other dangerous weapon, or involving sexual abuse upon children, 28 U.S.C. § 550.58(a)(1)(vi).  In reaching this conclusion, the Court first noted that the language of § 3621(e)(2)(B) grants the Bureau discretion to reduce a prisoner's sentence for successful completion of a substance abuse treatment program, but fails to define any parameters by which the Bureau should exercise that discretion.

> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design."  We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

Lopez, 531 U.S. at 242 (citing, inter alia, Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 842 (1984))(other citations omitted).  Thus, "the statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau."  Lopez, 531 U.S. at 242.  See also Magnin v. Beeler, 110 F.Supp.2d 338 (D.N.J. 2000) (upholding 28 C.F.R. §550.58(a)(1)(vi), before Lopez, as a valid exercise of the Bureau's discretion).

ineligible for the early release incentive those prisoners incarcerated for an offense that involved the possession, use, or carrying of a firearm.  28 C.F.R. § 550.58(a)(1)(vi)(B).  The 1997 interim regulation differs from the 1995 regulation by relying on "the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude [enumerated categories of] inmates," 62 Fed. Reg. At 53,690, rather than purporting to define the statutory terms "prisoner convicted of a nonviolent offense" or "crime of violence."

   The commentary accompanying publication of the 1997 interim regulation noted that the BOP was "publishing this change as an interim rule in order to solicit public comment while continuing to provide consideration for early release to qualified inmates." 62 Fed. Reg. At 53,690.  Nevertheless, the effect of the implemented interim regulation was to deny program eligibility to certain categories of inmates confined at that time and until promulgation of a final regulation.  The commentary to the interim regulation further provided that comments on the interim rule were due on December 15, 1997, and that the comments would be considered before final action was taken.[3]

---

   [3]  In Lopez v. Davis, while the Supreme Court held that the 1997 interim regulation's categorical exclusion of prisoners based on their involvement with firearms in connection with the commission of a felony was a permissible exercise of the Bureau's discretion, the Court declined to consider the arguments of various *amici* that the 1997 interim regulations violated the notice-and-comment provisions of the APA, as that argument had

Three years later, on December 22, 2000, the BOP replaced the 1997 interim regulation with a final regulation, which adopted the 1997 interim regulation without change.  See 65 Fed. Reg. 80,745.  The final regulation was effective as of December 22, 2000.  Id.  The commentary accompanying the final regulation noted that the BOP had received and considered approximately 150 comments from individuals and organizations, 138 of which were identical.  Id. at 80,747.  Thus, the final regulation read, in pertinent part, as follows:

> Consideration for early release.
> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
> (a) Additional early release criteria.
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> . . .
> (vi) Inmates whose current offense is a felony:
> . . .
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device),
> ...

5 U.S.C. § 550.58 (2000).  The regulation has remained unchanged since 2000.  See also BOP Program Statements 5330.10, *Drug Abuse*

---

not been raised or decided below, or presented in the petition for certiorari.  531 U.S. at 230, 244 n.6.

*Programs Manual – Inmate* (1997), and 5162.04, § 7, *Categorization of Offenses* (1997)("All offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits.").

The Administrative Procedure Act requires, with exceptions not relevant here, that proposed rules be published in the Federal Register, not less than 30 days before the proposed rule's effective date, and provide a period for interested persons to comment on the proposed rule, which comments are to be considered by the agency prior to adopting the rule.  See 5 U.S.C. § 553(b), (c), (d).

Following promulgation of the 1997 interim regulation, the United States Court of Appeals for the Ninth Circuit determined that the 1997 interim regulation was invalid, for failure to follow the notice-and-comment requirements of the APA.  See Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005).  The 2000 final rule, however, complied with the notice-and-comment requirements. More recently, the Court of Appeals for the Ninth Circuit has held that the final 2000 rule is invalid, nevertheless, as "arbitrary and capricious" in violation of § 706(2)(A) of the APA, for failure to set forth a rationale for its categorical exclusion rule.  Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008).  Without actually referencing the Arrington decision, it

10

is clear from Gunn's arguments set forth in his petition that he is substantially relying on the Ninth Circuit's decision.

C. Exhaustion of Administrative Remedies

As an initial matter, this Court notes that petitioner did not fully exhaust his administrative remedies before filing this habeas petition. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.[4] See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates

---

[4] To exhaust administrative remedies before the Federal Bureau of Prisons, a federal inmate seeking review of an aspect of his confinement must first seek to resolve the dispute informally. See 28 C.F.R. § 542.13. If the inmate does not receive a favorable termination, he may submit a formal written Administrative Remedy Request for response by the warden of the facility. See 28 C.F.R. § 542.14. If the inmate is not satisfied with the warden's response, he may appeal the warden's decision to the Regional Director within 20 days of the date of the decision. If he is not satisfied with the Regional Director's response, he may submit an appeal of the Regional Director's decision to the Central Office within 30 days of the date of the decision. See C.F.R. § 542.15. If these responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

> judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In Snisky v. Pugh, the petitioner did not deny his failure to exhaust; however, the Court excused exhaustion because the petitioner was scheduled to be released, and his claim was clearly without merit. See 974 F. Supp. 817, 819 (M.D. Pa. 1997), rev'd on other grounds, 159 F.3d 1353 (3d Cir. 1998). The court recognized that exhaustion could be excused where it would be futile. See id. In Snisky, the court found that the BOP "unequivocally" would deny the petitioner's relief, and he would

return to the district court after the denial.  Thus, the court addressed the claims on the merits.

Likewise, in <u>Ferrante v. Bureau of Prisons</u>, the court found that if the petitioner's claim were meritorious, he would be released to a halfway house relatively soon; therefore, dismissing the petition for lack of exhaustion would be futile. <u>See</u> 990 F. Supp. 367, 370 (D.N.J. 1998)(citing <u>Snisky</u>, 974 F. Supp. at 819-20).  Further, the court held that the petitioner's claim was clearly without merit, so that the exhaustion issue need not be reached.  <u>See id.</u>  <u>See also Fraley v. Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993)(stating that exhaustion was not required because it was futile, as Regional Director would "almost certainly" have denied request, and term of imprisonment was completed).

Here, Gunn has not alleged any facts that would permit this Court to find that exhaustion of administrative remedies would have been futile or that exhaustion would have subjected Gunn to "irreparable injury."  Gunn has not indicated an imminent release date that would make full exhaustion in this case futile.  He clearly admits that he is in the administrative appeal process, and has not yet completed that process.  In fact, Gunn is awaiting a response from the Regional Director, and if the response is unfavorable, he must still submit an appeal from that decision to the Central Office.

Further, Gunn was advised when he was "tentatively" accepted into the RDAP that he would be ineligible for early release, and

Gunn has not alleged that he has successfully completed the RDAP or will in the immediate future.[5]  Therefore, it would appear that he has adequate time to fully pursue his administrative remedies before bringing this action.

Moreover, the recent issuance of the <u>Arrington</u> decision may provide an impetus for the BOP to reconsider its challenged regulation or its current application of the that regulation to Gunn.

Finally, without a full administrative record, this Court cannot determine whether the BOP has exercised its discretion based upon factors other than the categorical exclusion contained in the challenged regulation.  Therefore, this Petition will be dismissed without prejudice for failure to exhaust administrative remedies.

IV.  <u>CONCLUSION</u>

For the reasons set forth above, this Petition for habeas relief under 28 U.S.C. § 2241, in which Gunn challenges his exclusion from consideration for early release under 18 U.S.C.

---

[5] This Court notes that Gunn is not eligible for early release under 18 U.S.C. § 3621(e)(2)(B) at this time because he has not successfully complete all of the requirements of the RDAP.  Gunn must complete the 500-hour residential program, as well as the institutional transition phase or the community transitional services program that also are required to be considered for successful completion of a RDAP.  <u>See</u> 28 C.F.R. §§ 550.56, 550.59; Program Statement 5330.10.

Consequently, at the time he filed this petition, Gunn does not appear to be eligible for consideration for early release because he has not actually successfully completed the program, notwithstanding the fact that he was told he is ineligible for consideration by virtue of his conviction for an offense involving the possession of a firearm.

§ 3621(e), will be dismissed without prejudice for failure to exhaust administrative remedies.  An appropriate order follows.


                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge

Dated: May 29, 2009